AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| | ) | |
| Nicole Paige | ) | 6:26-mj 1862 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ July 22, 2026 _____ in the county of _____ Brevard _____ in the _____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) | Possession with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Terry Adams, Task Force Officer, DEA
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 41(d).

Date: _____ 7/22/2026 _____

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

City and state: _____ Orlando, FL _____

STATE OF FLORIDA

COUNTY OF ORANGE

CASE NO. 6:26-mj- 1862

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Terry Adams, being duly sworn, declare and state the following:

## INTRODUCTION

1.      I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), Orlando District Office Titusville Post-of-Duty (TPOD), and have been assigned in that capacity since October 2025. As a DEA TFO, I am an "investigator or law enforcement officer" of the United States within the meaning of 18 U.S.C.§ 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516(1).

2.      Before becoming a DEA TFO, I was a sworn law enforcement officer with the Brevard County Sheriff's Office (BCSO) in Titusville, Florida since September 2022. I functioned as a uniformed Deputy Sheriff and Narcotics Agent. Prior to my employment with the BCSO, I was a sworn law enforcement officer with the City of Lake Mills Police Department in Lake Mills, Wisconsin for approximately 5 years. During my tenure, I functioned as a Patrol Officer and K9 Officer. Prior to my employment with the City of Lake Mills Police Department, I was a sworn law enforcement officer with the City of Watertown Police Department in Watertown, Wisconsin for approximately 2 years. During my tenure at the

1

Watertown Police Department, I served as a Patrol Officer.

3. Over the course of my career, I have participated in and conducted investigations of violations of various federal and state drug laws, including trafficking controlled substances, unlawful possession with intent to distribute controlled substances, distribution of controlled substances, use of communication facilities to commit narcotics offenses, and money laundering. These investigations have resulted in arrests of individuals who have smuggled, trafficked, received, and distributed controlled substances, including cocaine, marijuana, heroin, fentanyl, and methamphetamine.

4. I have also conducted investigations that involve the identification of co-conspirators through the use of telephone records, financial records, drug ledgers, and other pertinent documents. I have participated in the debriefings of many of those individuals who were arrested and then cooperated with the government about various violations of Title 21 and Title 18 of the United States Code.

5. I have directed numerous confidential informants and cooperating witnesses to successfully infiltrate narcotics organizations to gather intelligence, to participate in consensual recordings in furtherance of trafficking investigations, and to make purchases of controlled substances. I have also purchased controlled substances while acting in an undercover capacity, executed search warrants to seize controlled substances, and conducted surveillance in connection with numerous narcotics investigations.

6. As a result of my participation in the investigations described above, I

am familiar with the different tactics and tools used in conducting investigations, including visual surveillance, electronic surveillance, interviewing of relevant witnesses, the use of confidential informants and sources, the use of pen registers and trap and trace devices, the installation and use of global positioning system (GPS) mobile tracking devices, and the use of court-authorized electronic recording and listening devices. I have also utilized court-authorized prospective cellphone geo-location information in several of these investigations and have assisted in Title III wiretap investigations.

## **PURPOSE OF AFFIDAVIT**

7.      This affidavit is being submitted to establish probable cause in support of criminal complaint against Nicole PAIGE for possession with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), occurring in the Middle District of Florida.

8.      This affidavit is based upon my personal knowledge, training, and experience as a law enforcement officer; information I received from other law enforcement officers and agents; and information received from other investigative means, including surveillance and information from a confidential source. The statements contained in this affidavit are based, in part, on information from other DEA Special Agents (SAs) or TFOs and BCSO agents. Because this affidavit is being submitted solely to establish probable cause for a criminal complaint against PAIGE,

I have not included every fact or facet of the investigation known to me, only those facts necessary to support a criminal complaint.

## FACTS ESTABLISHING PROBABLE CAUSE

9.     In July 2026, the DEA and BCSO partnered in a joint investigation of PAIGE, who was identified by a confidential source (CS) as a fentanyl source of supply operating in Brevard County, Florida. More specifically, the CS advised that PAIGE has previously sold multiple ounce quantities of fentanyl and that at times PAIGE has kilogram quantities of fentanyl. The CS further advised that PAIGE was living at XXXX Flower Mound Lane, Apartment 1, Cocoa, Florida 32922, which is located within the Middle District of Florida, and that PAIGE conducted some of her drug dealing at her residence.

10.     As a result of this investigation, agents established probable cause that PAIGE was utilizing her residence to facilitate her drug trafficking activities. Based on this information, on July 22, 2026, at approximately 12:05 a.m., the DEA obtained a federal search warrant for PAIGE's residence from the Honorable Daniel C. Irick, United States Magistrate Judge. The search warrant authorized execution at any time during the day or night based on the DEA's concern about the possibility of the destruction of evidence, including large quantities of fentanyl.

11.     At approximately 1:41 a.m., law enforcement executed the search warrant at PAIGE's residence.  PAIGE and her adult son, T.R., exited the residence. They were the only individuals inside the residence at the time of the execution of the search warrant.

12.     During a search of the residence, law enforcement located a large amount of a chunky white substance inside the master bedroom toilet. Based on training and experience, the substance appeared to be pieces of a kilogram of a narcotic (suspected fentanyl) that someone attempted to flush or destroy in connection with the search warrant execution. Law enforcement also located three firearms within the residence. Two of the firearms were located in the master bedroom, which appeared to be PAIGE's bedroom. Inside the master bedroom closet was a large quantity of U.S. currency, which was inside a shirt. Law enforcement also located mannitol, which is a common cutting agent fentanyl dealers use to break down their product and make more money.

13.     During a post-*Miranda* interview of PAIGE in connection with the search warrant, PAIGE admitted that she was the one who attempted to flush the chunky white substance in the master bathroom, which PAIGE identified as fentanyl. PAIGE stated the master bedroom was her bedroom. PAIGE admitted to knowing about the firearms within the residence. PAIGE stated her two sons reside at the residence, but she advised they have nothing to do with the drugs and guns inside the residence. PAIGE stated the large amount of currency found within the closet was hers, which she stated was approximately $20,000. Additionally, PAIGE admitted to selling large amounts of fentanyl to individuals throughout Cocoa, Florida, within the Middle District of Florida.

14.     The chunky white substance from the toilet was seized and processed as evidence. A field test was conducted on the substance, which returned a presumptive

positive for the identification of fentanyl. Additionally, the substance weighed

approximately 510 grams with its packaging.

## CONCLUSION

15.    Based on the information set forth above, I submit that probable cause

exists that on or about July 22, 2026, PAIGE possessed with intent to distribute a

controlled substance, specifically 400 grams or more of a mixture and substance

containing a detectable amount of fentanyl, a Schedule II controlled substance, in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

Respectfully,

_____
Task Force Officer Terry Adams
Drug Enforcement Administration

Affidavit submitted by electronic means
and attested to me as true and accurate
via telephone and/or video
conferencing consistent with Fed. R.
Crim. P. 4.1 and 41(d)(3), this _22nd_
day of July, 2026.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE